OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


December 3, 2001

Mr. David W. Myers, Executive Director
Texas Commission for the Deaf
  and Hard of Hearing
4800 North Lamar, Suite 310
Austin, Texas 78711

Opinion No. JC-0437

Re: Whether the Texas Commission for the Deaf and Hard of Hearing may pay members of the Board for Evaluation of Interpreters to evaluate interpreters, and related questions (RQ-0393-JC)

Dear Mr. Myers:

On behalf of the Texas Commission for the Deaf and Hard of Hearing ("TCDH"), you ask whether the commission may contract with members of the Board for Evaluation of Interpreters ("BEI") to evaluate candidates for certification as interpreters and compensate them as "contracted evaluators." We conclude that the BEI has a responsibility under the statute to evaluate candidates and that BEI members may not serve as evaluators under contract with the TCDH. Pursuant to commission rule, BEI members are entitled to receive expenses for carrying out official duties, but they may not receive compensation.

The TCDH, established by chapter 81 of the Human Resources Code, is governed by a board appointed by the Governor with the advice and consent of the Senate. *See* TEX. HUM. RES. CODE ANN. §§ 81.001-.020 (Vernon 2001); *see id.* §§ 81.002(a) (appointment and composition of commission); .006 (duties and powers of the commission). Section 81.007 of the Human Resources Code provides that the commission "may establish a program in accordance with this section for the certification of interpreters" who are proficient in communication skills necessary to communicate with individuals who are deaf or hard of hearing. *Id.* § 81.007(a). If it decides to establish a certification program, the "commission shall appoint" a seven-member Board for Evaluation of Interpreters "to administer the certification program." *Id.* § 81.007(b). BEI members are "usually experienced interpreters who also have extensive experience performing evaluations of candidates for certification."[1] Members of the BEI are not paid for their service on that board, *see* 40 TEX. ADMIN. CODE § 183.19 (2001), but the TCDH has contracted with members of the BEI to evaluate

---

[1]Letter from Mr. David W. Myers, Executive Director, Texas Commission for the Deaf and Hard of Hearing, to Honorable John Cornyn, Texas Attorney General, at 3 (June 13, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

interpreter candidates and has paid them for performing this service. *See generally* Request Letter, *supra* note 1. In a recent audit, the Comptroller questioned the commission's practice of employing BEI members as "contracted evaluators," persons who are responsible for evaluating and scoring the interpreting and transliterating skills of interpreter candidates. *See id.* (attachment from Comptroller "Detailed Findings-Purchase"); *see also* 40 TEX. ADMIN. CODE § 183.29 (2001) (duties of contracted evaluators). According to the Comptroller, "the commission paid BEI members for evaluator services that the members are required to perform per statute." Request Letter, *supra* note 1 (attachment from Comptroller "Detailed Findings-Purchase"). The commission disagrees and asks the following question:

> Are members of the Board for Evaluation of Interpreters (BEI) required to perform, without compensation and as a part of their statutory responsibility, evaluations of candidates for certification as interpreters?

Request Letter, *supra* note 1, at 1, 4.

We address your question by reviewing the statutes and rules applicable to the BEI and to the certification of interpreters. Both the TCDH and the BEI have authority and duties under statute for the evaluation and certification of interpreters. Section 81.007 of the Human Resources Code authorizes TCDH to establish a certification program and provides that the BEI appointed by the commission will "administer the certification program." TEX. HUM. RES. CODE ANN. § 81.007(a), (b) (Vernon 2001).

Section 81.007 sets out the commission's responsibilities. It is required to "use the recommendations of the board in compiling a statewide registry of interpreters by skill level"; to charge fees for an application for certification, the administration of an examination, and the renewal of a certificate; to adopt rules stating the grounds for denying, suspending, or revoking an interpreter's certificate; to determine how frequently it will conduct the interpreter examinations; to recognize, prepare, or administer continuing education programs for certificate holders; and to "compensate an evaluator based on a fee schedule as determined by commission rule." *See id.* § 81.007(d), (e), (h), (i), (k), (l); *see also id.* §§ 81.007(f) (recognition of certificates issued by other jurisdictions); .007(g) (commission's authority to provide for expiration of certificates on various dates during year). The commission also has authority to adopt rules "necessary to implement this chapter," including section 81.007 of the Human Resources Code. *See id.* § 81.006(b)(3).

The statute grants TCDH authority over many aspects of the certification program, but it also grants authority and responsibilities to the BEI. "The commission, on the recommendation of the Board for Evaluation of Interpreters, shall revoke or suspend a certificate, place on probation a person whose certificate has been suspended, or reprimand an interpreter certified by the commission for a violation of a rule of the commission." *Id.* § 81.0072(a). Legislative history relating to this provision states that the TCDH may not discipline a certified interpreter unless it has received the

recommendation of the BEI to do so. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 2859, 74th Leg., R.S. (1995) at 2.

As already noted, the BEI will "administer the certification program." TEX. HUM. RES. CODE ANN. § 81.007(b) (Vernon 2001). It thus has administrative duties delegated by the legislature. Section 81.007(c) provides that, "[s]ubject to approval of the commission, the board shall prescribe qualifications for each of several levels of certification based on proficiency and shall evaluate and certify interpreters using these qualifications." *Id.* § 81.007(c). We read this provision as making the BEI responsible for establishing qualifications for the levels of certification, subject to the commission's approval, and for evaluating and certifying interpreters, again subject to the commission's approval of its decisions. The BEI could assign these duties to its own members, to staff, or to persons under contract with the commission. *See generally id.* § 81.007(k). According to a Sunset Advisory Commission report issued in 1998:

> The Board for Evaluation of Interpreters (BEI) was created in 1980 and is composed of seven licensed interpreters who, together with a staff of two agency employees, administer the licensing of interpreters in Texas and advise the agency on related matters.

SUNSET ADVISORY COMM'N, TEX. COMM'N FOR THE DEAF AND HARD OF HEARING, STAFF REPORT, at 38 (1998); *see also* TEX. COMM'N FOR THE DEAF AND HARD OF HEARING, SELF EVALUATION REPORT TO THE TEX. SUNSET ADVISORY COMM'N, at 10 (1997) (BEI staff functions include testing candidates, development and revision of testing materials and administering a complaint resolution process).

In our opinion, the BEI is responsible for evaluating interpreter candidates, whether the evaluations are performed by the board members themselves, by staff, or by contracted evaluators working under the board's supervision. *See* 40 TEX. ADMIN. CODE §§ 183.17 (each hearing member of BEI "may be an evaluator and may evaluate as needed"); .18 (ethical standards applicable to board members in evaluating applicants and participating in board proceedings regarding applicants); .29 (qualifications and responsibilities of contracted evaluators) (2001). The BEI is responsible for the evaluation of applicants, and it has statutory authority to perform such evaluations without contracts between its members and the TCDH.

Moreover, the TCDH rule governing contracted evaluators suggests that BEI members may not be contracted evaluators. This rule provides in part:

> Contracted evaluators will be composed of interpreters *who have been interviewed, selected, trained by the board*, and appointed by the commission.

*Id.* § 183.29 (emphasis added). Although contracted evaluators are appointed by the TCDH, they are interviewed, selected, and trained by the BEI. Thus, the rule treats the evaluators as different persons from board members. This can also be seen in a prior version of this rule:

> *Advisory Committee on Evaluation.* The advisory committee on evaluation will be composed of interpreters who have applied to be evaluators [members of the committee] and have been interviewed, tested, evaluated, trained, and appointed by the board and approved by the commission for the purpose of conducting evaluations of interpreting skills to determine the qualifications of interpreters. The contract evaluators [committee] function[s] under the supervision of the board.

18 Tex. Reg. 8511 (1993) (proposing amendment to 40 TEX. ADMIN. CODE § 183.29) (proposed Oct. 22, 1993).

A commission rule identifies the BEI as an "advisory committee." *See* 40 TEX. ADMIN. CODE § 183.11 (2001); *but see id.* § 183.9(2) (BEI is the certifying board for the evaluation of interpreters under the commission). The commission's designation of the board as an "advisory committee" does not take away its non-advisory responsibilities delegated by the legislature. The commission's rule does not change our conclusion as to the board's statutory authority to evaluate applicants for certification as interpreters. We conclude that members of the BEI are authorized by statute to evaluate such applicants and may not do so as contracted evaluators.

You have also asked whether the commission's contracting with BEI members for interpreter evaluations violates the common-law conflict-of-interest rule. This common-law rule helps insure the integrity of public contracts by prohibiting a governmental body from entering into a contract in which one of its members has a personal pecuniary interest. *See* Tex. Att'y Gen. Op. Nos. DM-18 (1991); JM-671 (1987); MW-179 (1980) (common-law conflict-of-interest rule applies to state agencies). The court in *Meyers v. Walker*, 276 S.W. 305 (Tex. Civ. App.–Eastland 1925, no writ) stated this rule as follows:

> If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy.

*Meyers*, 276 S.W. at 307. We have concluded that BEI members may not contract with the TCDH to perform interpreter evaluations as contract evaluators. Because such contracts would not be valid in any case, we need not decide whether they would also violate the common-law conflict-of-interest rule.

You ask whether or not board members who perform evaluations as a statutory responsibility may receive compensation for this service. The commission's rules provide that board members shall not receive any compensation for performing the duties of the office, but may receive reimbursement for expenses in performing the duties of the office, subject to current funding patterns

of the commission. *See* 40 TEX. ADMIN. CODE § 183.19 (2001). You suggest, however, that section 81.007(k) of the Human Resources Code authorizes the commission to pay board members for performing evaluations. Section 81.007(k) provides that the commission "shall compensate an evaluator," according to a statutory schedule that bases the amount of compensation on the level of certification for which the candidate is evaluated. TEX. HUM. RES. CODE ANN. § 81.007(k) (Vernon 2001).

The legislative history of section 81.007(k) shows that "evaluators" are persons who are not members of the BEI or TCDH. This provision was adopted in 1993 as Senate Bill 1117 of the Seventy-third Legislature. *See* Act of May 26, 1993, 73d Leg., R.S., ch. 722, § 1, 1993 Tex. Gen. Laws 2828, 2829. A bill analysis states that competency testing for interpreters is provided

> through the Board for Evaluation of Interpreters (BEI) under the Texas Commission for the Deaf and Hearing Impaired. The BEI has approximately 40 evaluators statewide. Currently, these evaluators are "volunteers" and have been donating their services since the BEI was established in 1979.

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 1117, 73d Leg., R.S. (1993). The bill analysis also states that evaluators are reimbursed for their expenses, but receive no compensation for their services. *See id.* "The majority of evaluators hold full-time jobs and now must give up one or more days' pay each time they participate in candidate evaluations. Some feel it is unrealistic to expect these evaluators to continue to volunteer their services indefinitely." *Id.* The fiscal note, moreover, states that "[t]he bill would direct the commission to compensate, based on a designated fee schedule, individuals who conduct evaluations of interpreting skills *for* the Board for Evaluation of Interpreters." FISCAL NOTE, Tex. S.B. 1117, 73d Leg., R.S. (1993) (emphasis added). The legislature did not intend BEI members to receive compensation under section 81.007(k).

We point out that the TCDH appropriation for the years ending August 31, 2000, and August 31, 2001, provides for reimbursing the expenses of BEI members pursuant to Government Code section 2110.004, which relates to the expenses of advisory board members. *See* General Appropriations Act, 76th Leg., R.S., ch. 1589, art. II, 1999 Tex. Gen. Laws 5446, 5578; TEX. GOV'T CODE ANN. §§ 2110.001-.008 (Vernon 2000) (chapter 2110 relating to state agency advisory committees); *see also* General Appropriations Act, 77th Leg., R.S., S.B. 1, II-18 (available at Legislative Reference Library). Details about permissible expenses are set out in the General Appropriations Act. *See* General Appropriations Act, 76th Leg., R.S., ch. 1589, art. IX, pt. 5, 1999 Tex. Gen. Laws 5446, 6269-6275 (travel regulations); *see also* TEX. GOV'T CODE ANN. §§ 660.001-.055 (Vernon 1994 & Supp. 2001) (chapter 660 relating to Travel Regulations Act). Accordingly, pursuant to TCDH rules, members of the BEI may not receive compensation for carrying out statutory duties, such as performing evaluations, but may receive expenses. *See* 40 TEX. ADMIN. CODE §§ 183.11, .19 (2001).

## S U M M A R Y

Members of the Board of Evaluators for Interpreters have statutory authority under section 81.007 of the Human Resources Code to evaluate applicants for certification as interpreters for the deaf and hard of hearing. Board members may not serve as evaluators pursuant to contract with the Commission for the Deaf and Hard of Hearing. Pursuant to commission rule, board members may not receive compensation for their service, but are entitled to receive expenses.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General-General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee